# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| ALASKA INDUSTRIAL DEVELOPMENT AND EXPORT AUTHORITY | ) ) ) | Case No. 23-cv-3126-JMC |
| Plaintiff, | ) ) ) |  |
| v. | ) ) | **DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT** |
| U.S. DEPARTMENT OF THE INTERIOR, *et al.*, | ) ) | |
| Defendants, | ) ) |  |

Pursuant to Rule 8 of the Federal Rules of Civil Procedure, United States Department of the Interior (DOI); Deb Haaland, in her official capacity as Secretary of the Interior; Bureau of Land Management (BLM); Tracy Stone-Manning, in her official capacity as Director of the BLM; plead as follows in response to Plaintiff's Complaint (ECF 1). The numbered paragraphs and section headings of this Answer correspond to those of the Complaint.

The allegations in the first, unnumbered paragraph of the Complaint constitute Plaintiff's characterization of its case, to which no response is required. To the extent a response is required, the allegations are denied.

## **INTRODUCTION**

1.      The allegations of the first sentence of paragraph 1 constitute Plaintiff's characterization of its case, to which no response is required. To the extent a response is required, the allegations are denied. The allegations of the second and third sentences of paragraph 1 purport to characterize the Tax Cuts and Jobs Act of 2017, Public Law No.

115-97, 131 Stat. 2054 (2017) (Tax Act), which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied. Defendants deny the allegations of the fourth sentence of paragraph 1. Defendants admit the allegations of the fifth sentence of paragraph 1. Defendants admit the allegations of the sixth sentence of paragraph 1 that on September 6, 2023, and before DOI completed its ongoing environmental review of the Leasing Program, DOI unilaterally cancelled Alaska Industrial Development and Export Authority's (AIDEA) leases, the only leases in the Leasing Program then still in effect, and aver that DOI's basis for doing so is described in Deputy Secretary Beaudreau's Lease Cancellation Decision (Lease Cancellation Decision), which speaks for itself and provides the best evidence of its contents. Any allegations contrary to the Lease Cancellation Decision's plain language, meaning, and context are denied. Defendants deny any remaining allegations of the sixth sentence.

2.      Defendants deny the allegations of the first, second, sixth, seventh, eighth, ninth, and tenth sentences of paragraph 2. The allegations of the third and fourth sentences of paragraph 2 are vague and ambiguous, and Defendants cannot attribute meaning to them, and thus lack knowledge and information sufficient to form a belief as to the truth of the allegations and on that basis deny them. Defendants admit the allegations of the fifth sentence of paragraph 2 that Defendants, in cancelling Plaintiff's leases, did not provide Plaintiff with the option to keep its leases, and deny any remaining allegations.

## PARTIES

3.      Defendants admit the allegations of the first sentence of paragraph 3.  The allegations of the second and fifth sentences of paragraph 3 purport to characterize the Alaska Statute, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations of the third and fourth sentences of paragraph 3 and on that basis deny them.

4.      Defendants admit the allegations of paragraph 4.

5.      Defendants admit the allegations of paragraph 5.

6.      Defendants note that BLM is a "bureau" within the Department of the Interior, and otherwise admit the allegations of the first sentence of paragraph 6.  The second sentence of paragraph 6 is explanatory and contains no allegations, and therefore no response is required.

7.      Defendants admit the allegations of paragraph 7.

## JURISDICTION AND VENUE

8.      The allegations of paragraph 8 consist of legal conclusions, to which no response is required.  To the extent a response is required, these allegations are denied.

9.      The allegations of paragraph 9 consist of legal conclusions, to which no response is required.  To the extent a response is required, these allegations are denied.

10.     The allegations of the first sentence of paragraph 10 consist of legal

conclusions, to which no response is required. To the extent a response is required, these allegations are denied. Defendants admit the allegations of the second sentence of paragraph 10.

11.     Defendants admit the allegations of paragraph 11.

## LAW AND FACTS

12.     The allegations of paragraph 12 purport to characterize the Tax Act, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied.

13.     The allegations of paragraph 13 purport to characterize the Tax Act, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied.

14.     The allegations of paragraph 14 purport to characterize the Tax Act, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied.

15.     The allegations of paragraph 15 purport to characterize the Tax Act, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied.

16.     The allegations of paragraph 16 purport to characterize the Tax Act, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied.

17.     The allegations of paragraph 17 purport to characterize the Tax Act, which

speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied.

18.     Defendants admit the allegations of the first, second, and third sentences of paragraph 18. The allegations of the fourth sentence of paragraph 18 purport to characterize the August 2020 ROD, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied.

19.     Defendants admit the allegations of the first, third, and fourth sentences of paragraph 19. The allegations of the second sentence of paragraph 19 purport to characterize the cited Federal Register notice, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied.

20.     Defendants admit the allegations of paragraph 20.

21.     Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations of the first sentence of paragraph 21 and on that basis deny them. Defendants admit the allegations of the second and third sentences of paragraph 21.

22.     The allegations of paragraph 22 purport to characterize the cited USGS Fact Sheet, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied.

23.     The allegations of paragraph 23 purport to characterize the cited USGS Fact

Sheet, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied.

24. Defendants admit the allegations of paragraph 24, and aver that the cited market prices are for West Texas Intermediate and Brent crude oil market prices.

25. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations of the first sentence of paragraph 25 and on that basis deny them. The allegations of the second sentence of paragraph 25 are vague and ambiguous and Defendants cannot attribute meaning to them, and thus lack knowledge and information sufficient to form a belief as to the truth of the allegations and on that basis deny them. Defendants deny the allegations of the third sentence of paragraph 25.

26. Defendants admit the allegations in the first sentence of paragraph 26 that the seven leases granted AIDEA the exclusive right to develop oil and gas production on those lands, and deny the remaining allegations of paragraph 26, and aver that in January 2021, AIDEA paid BLM a total of $12,802,615 in bonus bids, first year rentals, and processing fees to acquire the seven leases. Defendants admit the allegations in the second sentence of paragraph 26 that AIDEA subsequently made additional rental payments and deny the remaining allegations of the second sentence.

27. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 27 and on that basis deny them.

28. Defendants admit the allegations of the first sentence of paragraph 28 that cancellation of the leases eliminated AIDEA's ability to explore and develop the specific

cancelled leases, and deny the remaining allegations of the first sentence. The allegations of the second sentence of paragraph 28 are vague and speculative and Defendants deny them on that basis.

29.     Defendants admit the allegations of paragraph 29 that on January 20, 2021, the first day of his term, President Biden issued Executive Order 13990. The remaining allegations in paragraph 29 purport to characterize Executive Order 13990, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied.

30.     Defendants admit the allegations of the first sentence of paragraph 30 that on June 1, 2021, Secretary Haaland issued Secretary's Order 3401. The remaining allegations in the first sentence, as well as the allegations in the second and third sentences of paragraph 30, purport to characterize Secretary's Order 3401, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied. Defendants admit the allegations in the fourth sentence of paragraph 30 that BLM suspended processing of applications by two AIDEA contractors for permission to conduct archeological surveys, and deny any remaining allegations in the fourth sentence.

31.     Defendants admit the allegations in the first sentence of paragraph 31 that on June 1, 2021, Laura Daniel-Davis, Department of the Interior's Principal Deputy Assistant Secretary of Land and Minerals Management, issued a decision letter to AIDEA. The remaining allegations in the first sentence, as well as the allegations in the

second sentence of paragraph 31, purport to characterize the decision letter, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied. The allegations of the third sentence of paragraph 31 purport to characterize the National Environmental Policy Act (NEPA) and regulations implementing NEPA, which speak for themselves and provide the best evidence of their contents. Any allegations contrary to their plain language, meaning, and context are denied. Defendants deny the allegations of the fourth sentence of paragraph 31.

32. Defendants admit the allegations of the first sentence of paragraph 32. The remaining allegations of paragraph 32 purport to characterize the cited Federal Register Notice of Intent, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied.

33. The allegations of the first and second sentences of paragraph 33 purport to characterize the Federal Register Notice of Intent, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied. Defendants admit the allegations of the third sentence of paragraph 33 that in response to the Federal Register Notice of Intent AIDEA submitted timely comments to BLM (on October 4, 2021), which it called "scoping comments." The remaining allegations of the third sentence purport to characterize AIDEA's comments, which speak for themselves and provide the best evidence of their contents. Any allegations contrary to their plain language, meaning, and context are denied.

34.    Defendants admit the allegations of the first sentence of paragraph 34 that on August 19, 2022, a decision letter entitled "Addendum to Suspension of Operations and Production" signed by Ms. Daniel-Davis was issued to AIDEA.  The remaining allegations of the first sentence, as well as the allegations of the second sentence of paragraph 34, purport to characterize the decision letter, which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to its plain language, meaning, and context are denied.

35.    Defendants admit the allegations of paragraph 35 that on November 4, 2021, Plaintiff filed a complaint against Defendants in *Alaska Industrial Development and Export Authority v. Biden,* Case No. 3:21-cv-00245-SLG (D. Alaska).  The remaining allegations in paragraph 35 purport to characterize the complaint, which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to its plain language, meaning, and context are denied.

36.    Defendants admit the allegations of the first sentence of paragraph 36.  The allegations of the second and third sentences of paragraph 36 purport to characterize Docket Entry 63 in Case No. 3:21-cv-00245-SLG, which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to its plain language, meaning, and context are denied.

37.    The allegations of paragraph 37 purport to characterize Docket Entry 72 in Case No. 3:21-cv-00245-SLG, which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to its plain language, meaning, and context are

denied.

38.     The allegations of paragraph 38 purport to characterize Docket Entry 72 in Case No. 3:21-cv-00245-SLG, which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to its plain language, meaning, and context are denied.

39.     Defendants admit the allegations of paragraph 39 that on September 6, 2023, DOI Deputy Secretary Beaudreau issued the Lease Cancellation Decision.  The remaining allegations of paragraph 39 purport to characterize Docket Entry 72 in Case No. 3:21-cv-00245-SLG and the Lease Cancellation Decision, which speak for themselves and provide the best evidence of their contents.  Any allegations contrary to their plain language, meaning, and context are denied.

40.     The allegations of paragraph 40 purport to characterize the Lease Cancellation Decision, which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to its plain language, meaning, and context are denied.

41.     Defendants admit the allegations of paragraph 41 that in its August 4, 2021, Federal Register Notice of Intent commencing the NEPA process BLM had assured the public that it would be given an opportunity to comment on a Draft Coastal Plain Oil and Gas Leasing Program Supplemental Environmental Impact Statement (Draft Supplemental EIS) before it was finalized and that on September 6, 2023, DOI issued the Lease Cancellation Decision and the Draft Supplemental EIS, and deny any remaining

allegations.

42.     Defendants admit the allegations of paragraph 42.

43.     Defendants admit the allegations of the first sentence of paragraph 43 that on or about September 6, 2023, DOI officials told the media that the Department intends to comply with the law as to the Tax Act's requirement to hold another lease sale by December 2024, and deny any remaining allegations of the first sentence. The allegations of the second sentence of paragraph 43 purport to characterize the Lease Cancellation Decision, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied. The allegations of the third, fourth, and fifth sentences of paragraph 43 are vague and speculative and Defendants deny them on that basis.

44.     The allegations of the first sentence of paragraph 44 purport to characterize the Lease Cancellation Decision, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied. The allegations of the second sentence of paragraph 44 consist of legal conclusions, to which no response is required. To the extent a response is required, these allegations are denied.

45.     Defendants aver that DOI seeks to hold a second lease sale by December 2024 in order to comply with the Tax Act, and deny any remaining allegations of paragraph 45.

## COUNT I

46.     The responses to paragraphs 1 through 45 are incorporated here by reference.

47.     The allegations of paragraph 47 purport to characterize the Tax Act, which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to its plain language, meaning, and context are denied.

48.     Defendants deny the allegations of paragraph 48.

49.     The allegations of the first sentence of paragraph 49 purport to characterize the Lease Cancellation Decision, which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to its plain language, meaning, and context are denied.  Defendants deny the allegations in the second and third sentences of paragraph 49.  The allegations of the fourth sentence of paragraph 49 (including the citation to *Public Citizen*) consist of legal conclusions, to which no response is required. To the extent a response is required, these allegations are denied.  The allegations of the fifth sentence of paragraph 49 are vague and ambiguous and Defendants cannot attribute meaning to them, and thus lack knowledge and information sufficient to form a belief as to the truth of the allegations and on that basis deny them.

50.     The allegations of the first, second, third, and fourth sentences of paragraph 50 are vague and ambiguous and Defendants cannot attribute meaning to them, and thus lack knowledge and information sufficient to form a belief as to the truth of the allegations and on that basis deny them.  The allegations of the fifth sentence of

paragraph 50 purport to characterize the Tax Act, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied.

51.     Defendants deny the allegations of the first, second, third, and fourth sentences of paragraph 51. Defendants admit the allegations of the fifth sentence of paragraph 51. Defendants admit the allegations of the sixth sentence of paragraph 51 that DOI did not offer AIDEA the opportunity to keep its leases subject to changes in the Coastal Plain Program, and deny any remaining allegations of the sixth sentence.

52.     The allegations of the first sentence of paragraph 52 purport to characterize *Boesche v. Udall*, 373 U.S. 472, 486 (1963), which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied. Defendants deny the allegations of the second sentence of paragraph 52.

## COUNT II

53.     The responses to paragraphs 1 through 52 are incorporated here by reference.

54.     The allegations of paragraph 54 are vague and ambiguous, and Defendants cannot attribute meaning to them, and thus lack knowledge and information sufficient to form a belief as to the truth of the allegations and on that basis deny them.

55.     Defendants deny the allegations of the first, second, and fifth sentences of paragraph 55. The allegations of the third sentence of paragraph 55 purport to

characterize *Boesche*, 373 U.S. at 476, which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to its plain language, meaning, and context are denied.  The allegations of the fourth sentence of paragraph 55 purport to characterize *Solenex, LLC v. Haaland,* 626 F.Supp.3d 110, 119 (D.D.C. 2022), which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to its plain language, meaning, and context are denied.

56.     Defendants deny the allegations of the first sentence of paragraph 56.  The allegations of the second sentence of paragraph 56 consist of legal conclusions, to which no response is required.  To the extent a response is required, these allegations are denied. The allegations of the third, fourth, and fifth sentences of paragraph 56 purport to characterize the Tax Act, which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to its plain language, meaning, and context are denied.  The allegations of the sixth sentence of paragraph 56 purport to characterize the lease provisions, which speak for themselves and provide the best evidence of their contents.  Any allegations contrary to the plain language, meaning, and context of the lease provisions are denied.

57.     Defendants deny the allegations of the first and sixth sentences of paragraph 57.  The allegations of the second sentence of paragraph 57 purport to characterize *Center for Biological Diversity v. Bernhardt*, 982 F.3d 723, 736 (9th Cir. 2020) and 43 U.S.C. § 1344(a)(1), which speak for themselves and provide the best evidence of their contents.  Any allegations contrary to their plain language, meaning,

and context are denied. The allegations of the third and fifth sentences of paragraph 57 purport to characterize the Tax Act, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied. The allegations of the fourth sentence of paragraph 57 consist of legal conclusions, to which no response is required. To the extent a response is required, these allegations are denied. The allegations of the seventh sentence of paragraph 57 purport to characterize *Public Citizen*, 541 U.S. at 76-78, and 42 U.S.C. § 4336e(10)(B)(vii), which speak for themselves and provide the best evidence of their contents. Any allegations contrary to their plain language, meaning, and context are denied.

58.     Defendants deny the allegations in the first, second, and fifth sentences of paragraph 58. The allegations of the third and fourth sentences of paragraph 58 purport to characterize the 2020 EIS and 2020 ROD, which speak for themselves and provide the best evidence of their contents. Any allegations contrary to their plain language, meaning, and context are denied.

59.     The allegations of the first sentence of paragraph 59 consist of legal conclusions, to which no response is required. To the extent a response is required, these allegations are denied. The allegations of the second sentence of paragraph 59 purport to characterize *Encino Motorcars, LLC v. Navarro*, 579 U.S. 211, 221 (2016), which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied. Defendants deny the allegations of the

third sentence of paragraph 59.

60. Defendants deny the allegations of paragraph 60.

61. Defendants deny the allegations of the first, second, fifth, eighth, ninth, and tenth sentences of paragraph 61. The allegations of the third and fourth sentences of paragraph 61 purport to characterize the cited video clip of then-Candidate Biden, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied. Defendants admit the allegations of the sixth sentence of paragraph 61. In response to the allegations of the seventh sentence of paragraph 61 Defendants aver that Secretary Haaland stated (full quote) "With today's action no one will have rights to drill oil in one of the most sensitive landscapes on Earth," and deny any remaining allegations in the seventh sentence.

62. The allegations of the first and second sentences of paragraph 62 consist of legal conclusions, to which no response is required. To the extent a response is required, these allegations are denied. Defendants deny the allegations of the third and fourth sentences of paragraph 62, including that there was any such contradiction. The allegations of the fifth sentence of paragraph 62 constitute Plaintiff's request for relief, to which no response is required. To the extent a response is required, Defendants deny that Plaintiff is entitled to the relief sought or to any form of relief and that the stated reasons for the Lease Cancellation Decision were pretextual.

63. Defendants deny the allegations of paragraph 63.

## COUNT III

64.     The responses to paragraphs 1 through 63 are incorporated here by reference.

65.     The allegations of the first sentence of paragraph 65 purport to characterize the Lease Cancellation Decision, which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to its plain language, meaning, and context are denied.  The allegations of the second sentence of paragraph 65 purport to characterize *Boesche*, 373 U.S. at 486, which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to its plain language, meaning, and context are denied.  The allegations of the third sentence of paragraph 65 purport to characterize Article V of the U.S. Constitution, which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to its plain language, meaning, and context are denied.  The allegations of the fourth sentence of paragraph 65 purport to characterize *Mathews v. Eldridge*, 424 U.S. 319, 334 (1976), which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to its plain language, meaning, and context are denied.  The allegations of the fifth and sixth sentences of paragraph 65 purport to characterize *Fed. Commc'ns Comm'n v. Pottsville Broad. Co*., 309 U.S. 134, 143 (1940), which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to its plain language, meaning, and context are denied.  The allegations of the seventh and eighth sentences of paragraph 65 consist of legal conclusions, to which no response is required.  To the extent a response is required, these

allegations are denied.

66.     Defendants admit the allegations of the first sentence of paragraph 66 that AIDEA was not offered an opportunity to comment on the Lease Cancellation Decision prior to its issuance, and deny any remaining allegations.  Defendants deny the allegations of the second sentence of paragraph 66.

67.     Defendants deny the allegations of the first sentence of paragraph 67. Defendants admit the allegations of the second sentence of paragraph 67 that DOI cancelled AIDEA's leases on the same day that BLM made the Draft Supplemental EIS available for public comment, and deny any remaining allegations of the second sentence. Defendants admit the allegations of the third sentence of paragraph 67 that in June and August 2021 DOI informed AIDEA of its intent to prepare a Supplemental EIS, and deny any remaining allegations of the third sentence.  The allegations of the fourth sentence of paragraph 67 purport to characterize NEPA and regulations implementing NEPA, which speak for themselves and provide the best evidence of their contents.  Any allegations contrary to their plain language, meaning, and context are denied.  Defendants admit the allegations of the fifth sentence of paragraph 67.  Defendants admit the allegations of the sixth sentence that AIDEA has been provided an opportunity to comment on the Draft Supplemental EIS, and deny any remaining allegations.  Defendants admit the allegations of the seventh sentence of paragraph 67 that DOI cancelled AIDEA's leases just as the public comment period on the Draft Supplemental EIS began, and deny any remaining allegations.

68.     Defendants deny the allegations of paragraph 68.

## **COUNT IV**

69.     The responses to paragraphs 1 through 68 are incorporated here by reference.

70.     The allegations of the first sentence of paragraph 70 purport to characterize *Boesche*, 373 U.S. at 476, which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to its plain language, meaning, and context are denied.  The allegations of the second sentence of paragraph 70 consist of legal conclusions, to which no response is required.  To the extent a response is required, these allegations are denied.  The allegations of the third sentence of paragraph 70 purport to characterize the Tax Act, which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to its plain language, meaning, and context are denied.  The allegations of the fourth sentence of paragraph 70 purport to characterize 43 C.F.R. § 3136.3(b), which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied. Defendants deny the allegations of the fifth sentence of paragraph 70.

71.     The allegations of paragraph 71 consist of legal conclusions, to which no response is required.  To the extent a response is required, these allegations are denied.

72.     The allegations of the first sentence of paragraph 72 purport to characterize the USGS Fact Sheet cited in paragraph 22 of the Complaint, which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to its plain language,

meaning, and context are denied. Defendants admit the allegations of the second sentence of paragraph 72 that AIDEA's leases covered much of the western portion of the Coastal Plain, and deny the remaining allegations of the second sentence. Defendants admit the allegations of the third sentence of paragraph 72 that AIDEA leased most of the western end of the Coastal Plain. Defendants lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations of the third sentence and on that basis deny them. The allegations of the fourth sentence of paragraph 72 consist of legal conclusions, to which no response is required. To the extent a response is required, these allegations are denied.

73. Defendants deny the allegations of paragraph 73.

## PRAYER FOR RELIEF

The remainder of the Complaint constitutes Plaintiff's request for relief, to which no response is required. To the extent a response is required, Defendants deny that Plaintiff is entitled to the relief sought or to any form of relief.

## GENERAL DENIAL

Defendants deny any allegations of the Complaint, whether express or implied, including any allegations reflected in the Complaint's section headings, that are not specifically admitted, denied, or qualified herein.

## AFFIRMATIVE DEFENSES

1. Plaintiff fails to state a claim upon which relief may be granted.

2. Plaintiff lacks standing to bring some or all of its claims.

3.      Plaintiff has failed to properly establish subject matter jurisdiction.

4.      Plaintiff has failed to demonstrate that some or all of its claims are ripe

for judicial review.

WHEREFORE, Defendants respectfully request that this Court deny Plaintiff all

relief requested, dismiss the Complaint with prejudice, grant judgment for Defendants

and against Plaintiff, and grant Defendants such other relief as the Court deems

appropriate.


DATED:  December 26, 2023.                TODD KIM
                                          Assistant Attorney General
                                          United States Department of Justice
                                          Environment and Natural Resources Division

                                          /s/ Paul A. Turcke
                                          PAUL A. TURCKE
                                          Trial Attorney, Natural Resources Section
                                          1290 West Myrtle Street, Suite 500
                                          Boise, ID 83702
                                          202-532-5994 || 202-305-0275 (fax)
                                          paul.turcke@usdoj.gov

                                          *Counsel for Defendants*


Of Counsel:

MIKE GIERYIC
Office of the Regional Solicitor
U.S. Department of the Interior
4230 University Drive, Suite 300
Anchorage, AK 99508
907-271-1420
mike.gieryic@sol.doi.gov