Megan R. Condon (AK Bar No. 1810096)
Matthew N. Newman (AK Bar No. 1305023)
Native American Rights Fund
745 West 4th Avenue, Suite 502
Anchorage, AK 99501
Phone: 907-276-0680
mcondon@narf.org
mnewman@narf.org

*Lead Counsel for Intervenor-Defendants Native Village of Venetie*
*Tribal Government, Arctic Village Council, and Venetie Village Council*

Peter H. Van Tuyn (AK Bar No. 8911086)
Karen E. Schmidt (AK Bar No. 1211113)
BESSENYEY & VAN TUYN, LLC
911 West 8th Avenue, Suite 101, PMB 59
Anchorage, AK 99501
Phone: 907-278-2000
peter@bvt-law.com
karen@bvt-law.com

*Co-Counsel for Intervenor-Defendants Native Village of Venetie*
*Tribal Government, Arctic Village Council, and Venetie Village Council*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ALASKA INDUSTRIAL DEVELOPMENT AND EXPORT AUTHORITY, | |
| Plaintiff, | |
| v. | Case No. 3:24-cv-00051-SLG |
| U.S. DEPARTMENT OF THE INTERIOR, *et al.*, | |
| Defendants, | |
| and | |

GWICH'IN STEERING COMMITTEE,
*et al.*,

and

NATIVE VILLAGE OF VENETIE
TRIBAL GOVERNMENT, *et al.*,

Intervenor-Defendants.

## ANSWER TO AMENDED COMPLAINT

The Native Village of Venetie Tribal Government, Arctic Village Council, and Venetie Village Council (collectively "the Tribes") answer and respond to the Alaska Industrial Development and Export Authority's (AIDEA) Amended Complaint, ECF 11. The numbered paragraphs and section headings of this [Proposed] Answer correspond to those of the Amended Complaint. The Tribes deny any allegations of the Complaint, whether express or implied, that are not expressly admitted, denied, or qualified in this [Proposed] Answer.

## INTRODUCTION

1. The allegations of the first sentence of Paragraph 1 constitute Plaintiff's characterization of its case, to which no response is required. To the extent a response is required, the allegations are denied. The allegations of the second and third sentences of Paragraph 1 purport to characterize the Tax Cuts and Jobs Act of 2017, Public Law No. 115-97, 131 Stat. 2054 (2017) (Tax Act), which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain language, meaning, and

Answer to Amended Complaint
*AIDEA v. U.S. Dep't of the Interior*, *et al.*, Case No. 3:24-cv-00051-SLG    Page 2 of 25

context are denied. The Tribes deny the allegations of the fourth sentence of Paragraph 1. As to sentences five and six in Paragraph 1, the Tribes admit that the Department of the Interior (Interior) issued leases to AIDEA in January 2021 and cancelled the leases on September 6, 2023. To the extent that the allegations purport to characterize the Tax Act and Interior's September 6, 2023 lease cancellation decision (Lease Cancellation Decision), the statute and Lease Cancellation Decision speak for themselves and are the best evidence of their content, and thus no response is required. To the extent the allegations are inconsistent with the statute or the Lease Cancellation Decision, and a response is required, the Tribes deny the allegations. The remaining allegations in Paragraph 1 are Plaintiff's characterizations of Defendants' actions and intent and legal conclusions that require no answer; except that the Tribes deny Plaintiff's characterization of the actions of Defendants as unlawful.

2.    The allegations in Paragraph 2 summarize Plaintiff's claims and contain characterizations of Defendants' actions and intent and legal conclusions that require no answer; except that the Tribes deny Plaintiff's characterization of the actions of Defendants as unlawful. To the extent that the allegations purport to characterize the Tax Act, Lease Cancellation Decision, Interior's operational rules, 2019 Final Environmental Impact Statement (EIS), 2020 Record of Decision (ROD), and findings by the U.S. Geological Survey (USGS), the statute and documents speak for themselves and are the best evidence of their content, and thus no response is required. To the extent the

Answer to Amended Complaint
*AIDEA v. U.S. Dep't of the Interior, et al.*, Case No. 3:24-cv-00051-SLG    Page 3 of 25

allegations are inconsistent with the statute or documents, and a response is required, the Tribes deny the allegations. The Tribes are without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 2.

## PARTIES

3.     The Tribes admit that AIDEA is a public corporation of the State of Alaska. To the extent that the allegations in the second and fifth sentences of Paragraph 3 purport to characterize Alaska Statute § 44.88.070, the statute speaks for itself and is the best evidence of its content, and no response is required. To the extent the allegations are inconsistent with the statute, and a response is required, the Tribes deny the allegations. The allegations in the third and fourth sentences of Paragraph 3 are Plaintiff's characterizations of its work, and the Tribes lack sufficient information or knowledge to admit or deny them. To the extent there are further allegations in Paragraph 3 to which a response is required, the Tribes deny the allegations.

4.     The Tribes admit the allegations in Paragraph 4.

5.     The Tribes admit the allegations in Paragraph 5.

6.     The Tribes admit the allegations in Paragraph 6.

7.     The Tribes admit the allegations in Paragraph 7.

## JURISDICTION AND VENUE

8.     The allegations in Paragraph 8 constitute legal conclusions, to which no response is required. To the extent a response is required, the Tribes deny the allegations.

Answer to Amended Complaint
*AIDEA v. U.S. Dep't of the Interior, et al.*, Case No. 3:24-cv-00051-SLG     Page 4 of 25

9.     The allegations in Paragraph 9 constitute legal conclusions, to which no response is required. To the extent a response is required, the Tribes deny the allegations.

10.     The Tribes admit that Interior headquarters issued the Lease Cancellation Decision and a related press release. The Tribes are without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 10.

11.     The Tribes admit the allegations in Paragraph 11.

## LAW AND FACTS

12.     The allegations in Paragraph 12 purport to characterize and quote the Tax Act, which speaks for itself and is the best evidence of its content. To the extent the allegations are inconsistent with the statute, and a response is required, the Tribes deny the allegations.

13.     The allegations in Paragraph 13 purport to characterize the Tax Act, which speaks for itself and is the best evidence of its content. To the extent the allegations are inconsistent with the statute, and a response is required, the Tribes deny the allegations.

14.     The allegations in Paragraph 14 purport to characterize the Tax Act, which speaks for itself and is the best evidence of its content. To the extent the allegations are inconsistent with the statute, and a response is required, the Tribes deny the allegations.

15.     The allegations in Paragraph 15 purport to characterize and quote the Tax Act, which speaks for itself and is the best evidence of its content. To the extent the

allegations are inconsistent with the statute, and a response is required, the Tribes deny the allegations.

16.     The allegations in Paragraph 16 purport to characterize and quote the Tax Act, which speaks for itself and is the best evidence of its content. To the extent the allegations are inconsistent with the statute, and a response is required, the Tribes deny the allegations.

17.     The allegations in Paragraph 17 purport to characterize and quote the Tax Act, which speaks for itself and is the best evidence of its content. To the extent the allegations are inconsistent with the statute, and a response is required, the Tribes deny the allegations.

18.     The Tribes admit that Interior issued the Final EIS in September 2019 and published the ROD in August 2020. The remaining allegations in Paragraph 18 purport to characterize the 2020 ROD, which speaks for itself and is the best evidence of its content. To the extent the allegations are inconsistent with the ROD, and a response is required, the Tribes deny the allegations.

19.     The Tribes admit the allegations in the first, third, and fourth sentences of Paragraph 19. The second sentence purports to characterize the Federal Register Notice of the Coastal Plain Oil and Gas Lease Sale, which speaks for itself and is the best evidence of its content. To the extent the allegations are inconsistent with the Notice, and a response is required, the Tribes deny the allegations.

20.     The Tribes admit the allegations in Paragraph 20.

21.     The Tribes are without sufficient information or knowledge to admit or deny allegations in Paragraph 21. To the extent there are allegations to which a response is required, the Tribes deny the allegations.

22.     The allegations in Paragraph 22 purport to characterize USGS Fact Sheet 0028-01, which speaks for itself and is the best evidence of its content. To the extent the allegations are inconsistent with the document, and a response is required, the Tribes deny the allegations.

23.     The allegations in Paragraph 23 purport to characterize USGS Fact Sheet 0028-01, which speaks for itself and is the best evidence of its content. To the extent the allegations are inconsistent with the document, and a response is required, the Tribes deny the allegations.

24.     The Tribes admit that Interior cancelled the leases in September 2023. The Tribes are without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 24.

25.     The Tribes are without sufficient information or knowledge to admit or deny the allegations in the first sentence of Paragraph 25. The second sentence purports to characterize Plaintiff's leases, which speak for themselves and are the best evidence of their content. To the extent the allegations are inconsistent with the leases, and a response is required, the Tribes deny the allegations. The Tribes are without sufficient information

Answer to Amended Complaint
*AIDEA v. U.S. Dep't of the Interior*, *et al.*, Case No. 3:24-cv-00051-SLG     Page 7 of 25

to admit or deny the remaining allegations in the second sentence. The Tribes admit that prior to enactment of the Tax Act, oil and gas drilling was prohibited on the Coastal Plain.

26.     The first sentence of Paragraph 26 purports to characterize Plaintiff's leases, which speak for themselves and are the best evidence of their content. To the extent the allegations are inconsistent with the leases, and a response is required, the Tribes deny the allegations. The Tribes are without sufficient information to admit or deny the remaining allegations in Paragraph 26.

27.     The Tribes are without sufficient information or knowledge to admit or deny allegations in Paragraph 27. To the extent there are allegations to which a response is required, the Tribes deny the allegations.

28.     The allegations in the first sentence of Paragraph 28 contain legal conclusions, to which no response is required. To the extent a response is required, the Tribes deny the allegations. The remaining allegations are vague, speculative, and overbroad, and the Tribes are without sufficient information to admit or deny the allegations, and on those bases, the Tribes deny the allegations.

29.     The Tribes admit President Biden issued Executive Order 13990 on January 20, 2021. The remaining allegations in Paragraph 29 purport to characterize the Executive Order, which speaks for itself and is the best evidence of its content. To the extent the allegations are inconsistent with the Executive Order, and a response is required, the Tribes deny the allegations.

Answer to Amended Complaint
*AIDEA v. U.S. Dep't of the Interior, et al.*, Case No. 3:24-cv-00051-SLG     Page 8 of 25

30.     The Tribes admit Secretary Haaland issued Secretarial Order 3401 on June 1, 2021. To the extent allegations in Paragraph 30 purport to characterize the Secretarial Order, the Order speaks for itself and is the best evidence of its content. To the extent the allegations are inconsistent with the Secretarial Order, and a response is required, the Tribes deny the allegations. The Tribes are without sufficient information to admit or deny the remaining allegations in Paragraph 30. To the extent there are allegations to which a response is required, the Tribes deny the allegations.

31.     The first and second sentence of Paragraph 31 purport to characterize a letter, which speaks for itself and is the best evidence of its content. To the extent the allegations are inconsistent with the letter, and a response is required, the Tribes deny the allegations. The third sentence purports to characterize the National Environmental Policy Act and associated regulations, which speak for themselves and are the best evidence of their content. To the extent the allegations are inconsistent with the statute and regulations, and a response is required, the Tribes deny the allegations. The fourth sentence contains legal conclusions, to which no response is required. To the extent a response is required, the Tribes deny the allegations.

32.     The Tribes admit Interior published a Notice of Intent to Prepare a Supplemental Environmental Impact Statement for the Coastal Plain Oil and Gas Leasing Program (Scoping Notice) in the Federal Register on August 4, 2021. The allegations in Paragraph 32 purport to characterize the Scoping Notice, which speaks for itself and is the

Answer to Amended Complaint
*AIDEA v. U.S. Dep't of the Interior*, *et al.*, Case No. 3:24-cv-00051-SLG      Page 9 of 25

best evidence of its content. To the extent the allegations are inconsistent with the Scoping Notice, and a response is required, the Tribes deny the allegations.

33.     The allegations in the first and second sentences of Paragraph 33 purport to characterize the Scoping Notice, which speaks for itself and is the best evidence of its content. To the extent the allegations are inconsistent with the Scoping Notice, and a response is required, the Tribes deny the allegations. The Tribes admit that AIDEA submitted comments in response to the scoping notice. Allegations in the third sentence purport to characterize AIDEA's scoping comment, which speaks for itself and is the best evidence of its content. To the extent the allegations are inconsistent with AIDEA's scoping comment, and a response is required, the Tribes deny the allegations.

34.     The Tribes admit that on August 19, 2022, then-Principal Deputy Assistant Secretary for Land and Minerals Management Laura Daniel-Davis issued a letter titled "Addendum to Suspension of Operations and Production" to AIDEA. The remaining allegations in Paragraph 34 purport to characterize the letter, which speaks for itself and is the best evidence of its content. To the extent the allegations are inconsistent with the letter, and a response is required, the Tribes deny the allegations.

35.     The Tribes admit that on November 4, 2021, Plaintiff filed a lawsuit against Defendants in *Alaska Industrial Development and Export Authority v. Biden,* Case No. 3:21-cv-00245-SLG (D. Alaska). The remaining allegations in Paragraph 35 purport to characterize the complaint, which speaks for itself and is the best evidence of its content.

To the extent the allegations are inconsistent with the complaint, and a response is required, the Tribes deny the allegations.

36.     The allegations in Paragraph 36 purport to characterize legal filings in *Alaska Industrial Development and Export Authority v. Biden*. These filings speak for themselves and contain the best evidence of their content. To the extent the allegations are inconsistent with the filings, and a response is required, the Tribes deny the allegations.

37.     The allegations in Paragraph 37 purport to characterize the Court's decision in *Alaska Industrial Development and Export Authority v. Biden*. The decision speaks for itself and contains the best evidence of its content. To the extent the allegations are inconsistent with the Court's decision, and a response is required, the Tribes deny the allegations.

38.     The Tribes admit the Court granted summary judgement to Defendants and Defendant-Intervenors on August 7, 2023. The remaining allegations in Paragraph 38 purport to characterize the Court's decision, which speaks for itself and contains the best evidence of its content. To the extent the allegations are inconsistent with the Court's decision, and a response is required, the Tribes deny the allegations.

39.     The Tribes admit that Interior issued the Lease Cancellation Decision on September 6, 2023. The remaining allegations in Paragraph 39 purport to characterize and quote the Lease Cancellation Decision, which speaks for itself and contains the best evidence of its content. To the extent the allegations are inconsistent with the Lease

Cancellation Decision, and a response is required, the Tribes deny the allegations.

40.     The allegations in Paragraph 40 purport to characterize and quote the Lease Cancellation Decision, which speaks for itself and contains the best evidence of its content. To the extent the allegations are inconsistent with the Lease Cancellation Decision, and a response is required, the Tribes deny the allegations.

41.     The Tribes admit that Interior issued the Lease Cancellation Decision and Draft Supplement EIS on September 6, 2023. Allegations in the first sentence of Paragraph 41 purport to characterize various documents issued by Interior between June 2021 and August 2022, which speak for themselves and contain the best evidence of their content. To the extent the allegations are inconsistent with the documents, and a response is required, the Tribes deny the allegations. The remaining allegations contain Plaintiff's characterizations of Defendants' actions and legal conclusions that require no answer. To the extent there are allegations to which a response is required, the Tribes deny the allegations.

42.     The allegations in Paragraph 42 purport to characterize and quote statements from a media report, which speaks for itself and contains the best evidence of its content. To the extent the allegations are inconsistent with the statements, and a response is required, the Tribes deny the allegations.

43.     The allegations in the first sentence of Paragraph 43 purport to characterize and quote statements from a media report, which speaks for itself and contains the best

Answer to Amended Complaint
*AIDEA v. U.S. Dep't of the Interior*, *et al.*, Case No. 3:24-cv-00051-SLG     Page 12 of 25

evidence of its content. To the extent the allegations are inconsistent with the statements, and a response is required, the Tribes deny the allegations. The allegations in the second sentence of Paragraph 43 purport to characterize and quote the Lease Cancellation Decision, which speaks for itself and contains the best evidence of its content. To the extent the allegations are inconsistent with the Lease Cancellation Decision, and a response is required, the Tribes deny the allegations. The remaining allegations in Paragraph 43 are vague, speculative, and overbroad and the Tribes are without sufficient information to admit or deny the allegations, and on those bases, the Tribes deny them.

44.     The allegations in the first sentence of Paragraph 44 purport to characterize and quote the Lease Cancellation Decision, which speaks for itself and contains the best evidence of its content. To the extent the allegations are inconsistent with the Lease Cancellation Decision, and a response is required, the Tribes deny the allegations. The allegations in the second sentence of Paragraph 44 constitute legal conclusions, to which no response is required. To the extent a response is required, the Tribes deny the allegations.

45.     The Tribes admit the allegations in Paragraph 45(a) that Interior announced its intent to hold a second lease sale by December 2024 and details of that sale have not yet been made publicly available. To the extent allegations in Paragraph 45(a) purport to characterize the Tax Act, the statute speaks for itself and is the best evidence of its content. To the extent the allegations are inconsistent with the statute, and a response is required,

the Tribes deny the allegations. The Tribes admit the allegations in Paragraph 45(d) that Interior cancelled AIDEA's seven leases but aver the other two leases issued as part of the January 6, 2021 Coastal Plain Oil and Gas Lease Sale were voluntarily relinquished. The remaining allegations are vague, speculative, and overbroad, and the Tribes are without sufficient information to admit or deny the allegations, and on those bases, the Tribes deny the allegations.

## COUNT I

46.     The Tribes respond to the allegations in Paragraph 46 as presented above.

47.     The allegations in Paragraph 47 purport to characterize the Tax Act, which speaks for itself and is the best evidence of its content. To the extent the allegations are inconsistent with the statute, and a response is required, the Tribes deny the allegations.

48.     The Tribes deny the allegations in Paragraph 48.

49.     The allegations in the first sentence of Paragraph 49 purport to characterize the Lease Cancellation Decision, which speaks for itself and contains the best evidence of its content. To the extent the allegations are inconsistent with the Lease Cancellation Decision, and a response is required, the Tribes deny the allegations. The remaining allegations in Paragraph 49 contain legal conclusions and Plaintiff's characterization of the law, to which no response is required. To the extent that a response is required, the Tribes deny the allegations.

50.     The allegations in Paragraph 50 contain legal conclusions and Plaintiff's

Answer to Amended Complaint
*AIDEA v. U.S. Dep't of the Interior, et al.*, Case No. 3:24-cv-00051-SLG     Page 14 of 25

characterization of the law, to which no response is required. To the extent that a response is required, the Tribes deny the allegations. To the extent that the allegations in Paragraph 50 purport to characterize the Lease Cancellation Decision, it speaks for itself and contains the best evidence of its content. To the extent the allegations are inconsistent with the Lease Cancellation Decision, and a response is required, the Tribes deny the allegations.

51.     The allegations in Paragraph 51 contain legal conclusions, to which no response is required. To the extent that a response is required, the Tribes deny the allegations. The Tribes specifically deny that the leases are Congressionally mandated. The Tribes are without sufficient information or knowledge to admit or deny the allegations in the last sentence of Paragraph 51.

52.     The allegations in the first sentence of Paragraph 52 purport to characterize caselaw, which speaks for itself and contains the best evidence of its contents. The remaining allegations in Paragraph 52 contain legal conclusions, to which no response is required. To the extent that a response is required, the Tribes deny the allegations.

## COUNT II

53.     The Tribes respond to the allegations in Paragraph 53 as presented above.

54.     The allegations in Paragraph 54 contain legal conclusions, to which no response is required. To the extent that a response is required, the Tribes deny the allegations.

55.     The allegations in Paragraph 55 contain legal conclusions and Plaintiff's

Answer to Amended Complaint
*AIDEA v. U.S. Dep't of the Interior, et al.*, Case No. 3:24-cv-00051-SLG     Page 15 of 25

characterization of the law, to which no response is required. To the extent that a response is required, the Tribes deny the allegations. To the extent that the allegations in Paragraph 55 purport to characterize caselaw, it speaks for itself and contains the best evidence of its content. To the extent the allegations are inconsistent with the caselaw, and a response is required, the Tribes deny the allegations.

56. The allegations in Paragraph 56 contain legal conclusions and Plaintiff's characterization of the law, to which no response is required. To the extent that a response is required, the Tribes deny the allegations. To the extent that the allegations in Paragraph 56 purport to characterize the Tax Act, ROD, and Plaintiff's leases, they speak for themselves and contain the best evidence of their content. To the extent the allegations are inconsistent with the Tax Act, ROD, and leases, and a response is required, the Tribes deny the allegations.

57. The allegations in Paragraph 57 contain legal conclusions and Plaintiff's characterization of the law, to which no response is required. To the extent that a response is required, the Tribes deny the allegations. To the extent that the allegations in Paragraph 57 purport to characterize the Tax Act, other statutes, and caselaw, they speak for themselves and contain the best evidence of their content. To the extent the allegations are inconsistent with the statutes and caselaw, and a response is required, the Tribes deny the allegations.

58. The allegations in Paragraph 58 contain legal conclusions, to which no

response is required. To the extent that a response is required, the Tribes deny the allegations. To the extent that the allegations in Paragraph 58 purport to characterize the Final EIS, ROD, and Lease Cancelation Decision, they speak for themselves and contain the best evidence of their content. To the extent the allegations are inconsistent with the Final EIS, ROD, and Lease Cancelation Decision, and a response is required, the Tribes deny the allegations.

59.     The allegations in Paragraph 59 contain legal conclusions and Plaintiff's characterization of the law, to which no response is required. To the extent that a response is required, the Tribes deny the allegations. To the extent that the allegations in Paragraph 59 purport to characterize caselaw, it speaks for itself and contains the best evidence of its content. To the extent the allegations are inconsistent with the caselaw, and a response is required, the Tribes deny the allegations.

60.     The allegations in Paragraph 60 contain legal conclusions and Plaintiff's characterization of the law, to which no response is required. To the extent that a response is required, the Tribes deny the allegations.

61.     The allegations in Paragraph 61 purport to characterize and quote statements from then-Candidate Biden and Secretary Haaland, they speak for themselves and contain the best evidence of their content. To the extent the allegations are inconsistent with the statements, and a response is required, the Tribes deny the allegations. The remaining allegations in Paragraph 61 are vague and speculative, and the Tribes are without sufficient

*AIDEA v. U.S. Dep't of the Interior*, *et al.*, Case No. 3:24-cv-00051-SLG     Page 17 of 25

Case 3:24-cv-00051-SLG   Document 46   Filed 03/20/24   Page 17 of 25

information to admit or deny the allegations, and on those bases, the Tribes deny the allegations.

62.     The allegations in Paragraph 62 contain legal conclusions and Plaintiff's characterization of the law, to which no response is required. To the extent that a response is required, the Tribes deny the allegations. The allegations of the last sentence of Paragraph 62 constitute Plaintiff's request for relief, to which no response is required. To the extent a response is required, the Tribes deny that Plaintiff is entitled to the relief requested.

63.     The Tribes deny the allegations in Paragraph 63 and deny that Plaintiff is entitled to the relief requested.

## COUNT III

64.     The Tribes respond to the allegations in Paragraph 64 as presented above.

65.     The allegations in Paragraph 65 contain legal conclusions and Plaintiff's characterization of the law, to which no response is required. To the extent that a response is required, the Tribes deny the allegations. To the extent that the allegations in Paragraph 65 purport to characterize the U.S. Constitution, caselaw, and Lease Cancellation Decision, they speak for themselves and contain the best evidence of their content. To the extent the allegations are inconsistent with the U.S. Constitution, caselaw, and Lease Cancellation Decision, and a response is required, the Tribes deny the allegations.

66.     The allegations in Paragraph 66 contain legal conclusions and Plaintiff's

characterization of the law, to which no response is required. To the extent that a response is required, the Tribes deny the allegations. The Tribes are without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 66.

67.    The allegations in Paragraph 67 contain legal conclusions and Plaintiff's characterization of the law, to which no response is required. To the extent that a response is required, the Tribes deny the allegations. To the extent that the allegations in Paragraph 67 purport to characterize Secretarial Order 3401, Scoping Notice, Lease Cancelation Decision, and various statutes and regulations, they speak for themselves and contain the best evidence of their content. To the extent the allegations are inconsistent with Secretarial Order 3401, Scoping Notice, Lease Cancelation Decision, and various statutes and regulations, and a response is required, the Tribes deny the allegations. The Tribes are without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 67.

68.    The allegations in Paragraph 68 contain legal conclusions and Plaintiff's characterization of the law, to which no response is required. To the extent that a response is required, the Tribes deny the allegations. To the extent that the allegations in Paragraph 68 purport to characterize caselaw and statutes, they speak for themselves and contain the best evidence of their content. To the extent the allegations are inconsistent with the caselaw and statutes, and a response is required, the Tribes deny the allegations. The Tribes deny Plaintiff is entitled to the relief requested.

# COUNT IV

69.     The Tribes respond to the allegations in Paragraph 69 as presented above.

70.     The allegations in Paragraph 70 contain legal conclusions and Plaintiff's characterization of the law, to which no response is required. To the extent that a response is required, the Tribes deny the allegations. To the extent that the allegations in Paragraph 70 purport to characterize caselaw and Naval Petroleum Reserve Act regulations, they speak for themselves and contain the best evidence of their content. To the extent the allegations are inconsistent with the caselaw and regulations, and a response is required, the Tribes deny the allegations. The Tribes deny the allegation in the last sentence of Paragraph 70.

71.     The allegations in Paragraph 71 contain legal conclusions and Plaintiff's characterization of the law, to which no response is required. To the extent that a response is required, the Tribes deny the allegations. To the extent that the allegations in Paragraph 71 purport to characterize and quote caselaw, it speaks for itself and contains the best evidence of its content. To the extent the allegations are inconsistent with the caselaw, and a response is required, the Tribes deny the allegations.

72.     The allegations in Paragraph 72 contain legal conclusions and Plaintiff's characterization of the law, to which no response is required. To the extent that a response is required, the Tribes deny the allegations. The allegations in the first and second sentences of Paragraph 72 purport to characterize USGS Fact Sheet 0028-01, which speaks for itself

Answer to Amended Complaint
*AIDEA v. U.S. Dep't of the Interior*, *et al.*, Case No. 3:24-cv-00051-SLG     Page 20 of 25

and is the best evidence of its content. To the extent the allegations are inconsistent with the document, and a response is required, the Tribes deny the allegations. The Tribes are without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 72.

73.     The Tribes deny the allegations in Paragraph 73 and deny that Plaintiff is entitled to the relief requested.

## COUNT V

74.     The allegations in Paragraph 74 purport to characterize legal filings and the Administrative Procedures Act, which speak for themselves and contain the best evidence of their content. To the extent the allegations are inconsistent with the statute and filings, and a response is required, the Tribes deny the allegations.

75.     The allegations in Paragraph 75 contain legal conclusions and Plaintiff's characterization of the law, to which no response is required. To the extent that a response is required, the Tribes deny the allegations.

76.     The allegations in Paragraph 76 contain legal conclusions, to which no response is required. To the extent that a response is required, the Tribes deny the allegations.

77.     The allegations in Paragraph 77 contain legal conclusions, to which no response is required. To the extent that a response is required, the Tribes deny the allegations. Paragraph 77 purports to characterize the Administrative Procedures Act,

which speaks for itself and contains the best evidence of its content. To the extent the allegations are inconsistent with the statute, and a response is required, the Tribes deny the allegations. The Tribes admit the allegations of the third sentence of Paragraph 77 that Interior informed AIDEA it intended to use a Supplemental EIS process, and deny any remaining allegations of the third sentence. The Tribes admit the allegations of the fourth sentence of Paragraph 77 that Interior issued the Lease Cancellation Decision the same day as it released the Draft Supplemental EIS for public comment, and deny any remaining allegations of the fourth sentence. The Tribes are without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 77.

78.     The allegations in Paragraph 78 contain legal conclusions, to which no response is required. To the extent that a response is required, the Tribes deny the allegations. Paragraph 78 purports to characterize the Administrative Procedures Act and Lease Cancelation Decision, which speak for themselves and contain the best evidence of their content. To the extent the allegations are inconsistent with the statute and Lease Cancellation Decision, and a response is required, the Tribes deny the allegations.

79.     The Tribes deny the allegations in Paragraph 73 and deny that Plaintiff is entitled to the relief requested.

## PRAYER FOR RELIEF

The remaining paragraphs of Plaintiff's Amended Complaint constitute the requested relief, which require no response. To the extent a response is required, the

Tribes deny that Plaintiffs are entitled to relief.

## GENERAL DENIAL

The Tribes deny any and all allegations of the Amended Complaint, whether express or implied, including allegations reflected in section headings, that are not expressly admitted, denied, or qualified herein.

## AFFIRMATIVE DEFENSES

1.      Plaintiff failed to establish that this Court has subject matter jurisdiction over some or all of its claims.

2.      Plaintiff failed to state a claim upon which relief can be granted.

3.      Plaintiff failed to establish that some or all of its claims are ripe for judicial review.

4.      The Tribes reserve the right to assert such other affirmative defenses as may become known or available in the courses of this litigation.

WHEREFORE, the Tribes request that this Court deny Plaintiff's requested relief, dismiss the Amended Complaint with prejudice, grant judgment for Defendants and against Plaintiff, and grant such other relief as the Court deems appropriate.

Respectfully submitted this 20th day of March, 2024.

  /s/ Megan R. Condon
Megan R. Condon (AK Bar No. 1810096)
Matthew N. Newman (AK Bar No. 1305023)
NATIVE AMERICAN RIGHTS FUND
745 West 4th Avenue, Suite 502
Anchorage, AK 99501

Answer to Amended Complaint
*AIDEA v. U.S. Dep't of the Interior, et al.*, Case No. 3:24-cv-00051-SLG     Page 23 of 25

Phone:  907-276-0680
mcondon@narf.org
mnewman@narf.org


*Lead Counsel for Applicant Intervenor*
*Defendants Native Village of Venetie*
*Tribal Government, Arctic Village Council, and*
*Venetie Village Council*

Peter H. Van Tuyn (AK Bar No. 8911086)
Karen E. Schmidt (AK Bar No. 1211113)
BESSENYEY & VAN TUYN, LLC
911 West 8th Avenue, Suite 101, PMB 59
Anchorage, AK 99501
Phone:  907-278-2000
peter@bvt-law.com
karen@bvt-law.com

*Co-Counsel for Applicant Intervenor*
*Defendants Native Village of Venetie*
*Tribal Government, Arctic Village Council, and*
*Venetie Village Council*

<u>Certificate of Service</u>

I hereby certify that on March 20, 2024, a true and correct copy of the Native Village of Venetie Tribal Government, Arctic Village Council, and Venetie Village Council's ANSWER TO AMENDED COMPLAINT was served electronically pursuant to the Court's electronic filing procedures upon the attorneys of record in this lawsuit.

<u>*Megan R. Condon*</u>
Megan R. Condon (AK Bar No. 1810096)