TODD KIM
Assistant Attorney General
United States Department of Justice
Environment and Natural Resources Division

PAUL A. TURCKE (Idaho Bar No. 4759)
Trial Attorney, Natural Resources Section
1290 West Myrtle Street, Suite 500
Boise, ID 83702
202-532-5994 ‖ 202-305-0275 (fax)
paul.turcke@usdoj.gov

*Counsel for Defendants*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ALASKA INDUSTRIAL DEVELOPMENT AND EXPORT AUTHORITY,<br><br>        Plaintiff,<br>  v.<br><br>U.S. DEPARTMENT OF THE INTERIOR, *et al.*,<br><br>        Defendants,<br>  and<br><br>GWICH'IN STEERING COMMITTEE, *et al.*,<br><br>        Intervenor-Defendants. | Case No. 3:24-cv-00051-SLG |

## RESPONSE IN OPPOSITION TO
## PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ON COUNT II(B)

      This matter is before the Court on cross motions for summary judgment. Plaintiff

Alaska Industrial Development and Export Authority ("AIDEA") first filed an opening

*AIDEA v. U.S. Dep't of the Interior*         Case No. 3:24-cv-00051-SLG
DEFS.' RESP. IN OPP'N TO PL.'S MOT. FOR SUMM. J. ON COUNT II(B)      1

Case 3:24-cv-00051-SLG    Document 74    Filed 08/30/24    Page 1 of 11

brief on all but one of its claims on May 3, and has recently filed an opening brief addressing the other claim, Count II(b) of its complaint. *See* Order, ECF No. 49 (as modified, ECF No. 64). AIDEA now seeks to avert summary judgment on what it calls the "pretext claim," by asking that it be held in abeyance, so that a factual record for the claim can be "fully developed." AIDEA's Opening Br. on Count II(b) and Opp'n to DOI's Mot. for Summ. J. 1-2, ECF No. 66 ("Pl.'s Br.").[1] But AIDEA fails to satisfy the high bar for proffering its own evidence in this record review case. And no extra-record review is needed here in any event. The record here, along with two additional pieces of stipulated evidence, amply demonstrates that the oil and gas leases in the Arctic Refuge were unlawfully issued due to serious defects in the establishment of the Coastal Plain Oil and Gas Leasing Program. The Court, therefore, can and should resolve all issues now as a matter of law on summary judgment.

### I. AIDEA's Pretext Theory is Untenable

AIDEA's "Count II(b) pretextual decision-making claim" contends that Defendants U.S. Department of the Interior, et al. ("DOI") cancelled AIDEA's leases, not for the reasons stated in the lease cancellation decision, but "to keep anyone from [ever] developing any portion of the Coastal Plain." Pl.'s Br. 2. It is important at the outset to recognize the sheer lack of support for AIDEA's position. Significantly, none of the statements by government officials underlying AIDEA's arguments actually indicates that DOI intends to forever prohibit oil and gas development in the Coastal Plain. For

---

[1] Throughout this brief, the citations to the pleadings refer to the ECF-stamped page numbers from the docket.

*AIDEA v. U.S. Dep't of the Interior*     Case No. 3:24-cv-00051-SLG
DEFS.' RESP. IN OPP'N TO PL.'S MOT. FOR SUMM. J. ON COUNT II(B)     2

Case 3:24-cv-00051-SLG    Document 74    Filed 08/30/24    Page 2 of 11

example, AIDEA places great weight on the Secretary of the Interior's statement, upon cancelling the subject leases, that "'[w]ith today's action no one will have rights to drill oil in one of the most sensitive landscapes on Earth.'" Pl.'s Br. 5 (quoting Answer ¶ 61, ECF No. 20). AIDEA urges that the Secretary's words convey a clear intent to prohibit development of the Coastal Plain *in perpetuity*. But the statement can only be understood as merely reflecting the consequences of cancelling the subject leases, because those leases were the only instruments in existence at that time conferring rights to develop oil and gas resources on the Coastal Plain. *See* Defs.' Mem. in Opp'n to Pl.'s Mot. for Summ. J. and in Supp. of Cross-Mot. for Summ. J. 35 n.9, ECF No. 52 ("Defs.' First Br."). AIDEA further seeks to have the Court consider the purported opposition of the BLM Director to oil and gas development in the Arctic Refuge. *See* Pl.'s Br. 6-11. But even if the proffered materials (conveying a special interest group's views provided during employment by that organization) were properly before the Court, they offer no support for AIDEA's contention that DOI officials intend to prohibit oil and gas development of the Arctic Refuge. *See* Defs.' Resp. in Oppn. to Pl.'s Mot. to Suppl. the Admin. Rec. 13-15, ECF No. 72.

AIDEA ironically contends that DOI advances a "strained interpretation" of the Secretary's statement because "the Secretary did not mention any resumption of the development program," Pl.'s Br. 6, but it is AIDEA's interpretation of the Secretary's and BLM Director's statements that evaporates against reality. For starters, DOI has acknowledged a legal obligation to establish and administer the Program. *See Alaska Indus. Dev. & Exp. Auth. v. Biden*, 685 F. Supp. 3d 813, 833-35 (D. Alaska 2023); Tax

Cuts and Jobs Act of 2017, Pub. L. No. 115-97, § 20001(b)(2)(A), 131 Stat. 2054, 2236 (2017) ("Tax Act"). And DOI has acted consistent with that duty, including by preparing a Supplemental Environmental Impact Statement ("SEIS") that contemplates a reasonable range of options for moving forward with establishing the Program and offering the second lease sale. The SEIS includes multiple action alternatives that all contemplate future development, and the legally required "no action" alternative that DOI has stated will neither meet the project purpose/need nor comply with the Tax Act. *See* AR 3961-63.[2]

Even if AIDEA's proposed alternative basis for the cancellation decision were not clearly false, however, AIDEA's pretext claim would still fail because DOI's articulated rationale for the lease cancellation is compelling and firmly grounded in law. DOI initiated review of the Program in accordance first with Executive Order 13990, AR 3351-52, and then Secretary's Order 3401, AR 3362-63. And such review, which occurred for at least two years during the evolution of relevant legal authority, culminated in the lease cancellation decision's conclusion "that the legal deficiencies undergirding the original lease sale were sufficiently serious and fundamental to the decision-making process to justify addressing the underlying issues in a completely new analysis rather than trying to rectify past errors through remedial [National Environmental Policy Act

---

[2] AIDEA's reliance on then-candidate Biden's February 2020 campaign statement expressing opposition to drilling on federal lands does even less to advance the pretext claim. AIDEA cannot overcome the reality that oil and gas development continues to occur and be approved on federal lands, including on the North Slope. Defs.' First Br. 35 n.9 (citing *Sovereign Iñupiat for a Living Arctic v. Bureau of Land Mgmt.*, 701 F. Supp. 3d 862 (D. Alaska 2023)).

*AIDEA v. U.S. Dep't of the Interior*     Case No. 3:24-cv-00051-SLG
DEFS.' RESP. IN OPP'N TO PL.'S MOT. FOR SUMM. J. ON COUNT II(B)     4

Case 3:24-cv-00051-SLG   Document 74   Filed 08/30/24   Page 4 of 11

('NEPA')] analysis." AR 5358. AIDEA maintains that the Tax Act mandated lease issuance and exempted DOI from any need to comply with NEPA in doing so. *See* Pl.'s Opening Br. 24-30, ECF No. 50. But DOI exposed basic flaws in AIDEA's argument, *see* Defs.' First Br. 25-27 & n.4, and the validity of DOI's arguments now seems even more clear. *See Cook Inletkeeper v. U.S. Dep't of the Interior*, No. 3:22-CV-00279-SLG, 2024 WL 3439462, at *4-5 (D. Alaska July 16, 2024).

In sum, the factual premise behind AIDEA's pretext argument is simply untrue. Indisputable facts rebut AIDEA's theory that DOI is effectuating an inflexible policy of eliminating oil and gas development. But even if the record were less clear, AIDEA does no more than postulate an alternative motivation for the challenged cancellation that is legally irrelevant because it fails to show a "significant mismatch" or a "disconnect between the decision made and the explanation given." *Dep't of Com. v. New York*, 588 U.S. 752, 784-85 (2019).[3]

## II. The Court Should Enter Summary Judgment on All Claims

The Court should enter summary judgment in favor of DOI because there exists no genuine dispute as to any material fact. *See* Defs.' First Br. 20-21.

AIDEA has changed its view of how the case should be resolved. It now says that "the factual record relevant to AIDEA's pretext claim is not yet fully developed," that the Court "should decline DOI's invitation to prematurely issue summary judgment," and

---

[3]  At the time of the parties' initial briefing *Department of Commerce* was published in the Supreme Court Reporter, but it has since been published in the United States Reports and citations in this brief have thus been updated accordingly.

that it should allow the pretext claim "to proceed to discovery and trial." Pl.'s Br. 2-3. But the parties jointly acknowledged that resolution of this case has the potential to affect the second lease sale, and stated that their proposed schedule "facilitates a potential judicial ruling prior to the publication of DOI's notice of lease sale in the Federal Register, which by regulation must occur at least 30 days prior to the date of the sale." Joint Mot. Regarding Scheduling Order 2, ECF No. 48 ("Joint Mot.").[4] After describing the manner in which "Plaintiff" will brief its claims through two separate motions for summary judgment, the parties agreed that they "envision the Court rendering one ruling resolving all claims." *Id.*[5]

The prospect of discovery and trial would introduce significant delay and potential for error. But there is no basis for taking that path here because AIDEA has failed to present meaningful argument justifying de novo review in this APA case. The "focal point" for judicial review of agency action "should be the administrative record already in existence, not some new record made initially in the reviewing court." *Camp v. Pitts*, 411 U.S. 138, 142 (1973); *see also Sw. Ctr. for Biological Diversity v. U.S. Forest Serv.*,

---

[4] The parties also respectfully requested "that the Court endeavor to enter a ruling by October 25, 2024." *Id.* at 4.

[5] AIDEA suggests it was surprising, if not improper, for DOI to have earlier cross-moved for summary judgment on all claims. *See* Pl.'s Br. 2 n.1 (saying DOI "elected to move ahead of schedule for summary judgment on the pretext claim" and "deviat[ed] from the parties' anticipated briefing schedule"). But counsel made DOI's intention clear from the beginning of scheduling discussions, as reflected in the proposed schedule. *See* Joint Mot. 4 ¶ 3 (allowing DOI to "submit a Response in Opposition to Plaintiff's May 3 filing and/or Cross-Motion for Summary Judgment").

*AIDEA v. U.S. Dep't of the Interior*  Case No. 3:24-cv-00051-SLG
DEFS.' RESP. IN OPP'N TO PL.'S MOT. FOR SUMM. J. ON COUNT II(B)  6

Case 3:24-cv-00051-SLG    Document 74    Filed 08/30/24    Page 6 of 11

100 F.3d 1443, 1450 (9th Cir. 1996). For that reason, discovery is rarely appropriate. *Pebble Ltd. P'ship v. EPA*, 310 F.R.D. 575, 578-79 (D. Alaska 2015) (noting in an APA case that "[o]rdinarily, discovery is not authorized" but allowing discovery because the parties submitted a proposed discovery plan and acknowledged "there likely was no discrete administrative record that could be certified to the court").

AIDEA falls far short of justifying discovery in this case. Discovery into the "'mental processes of administrative decisionmakers'" can only occur through "a narrow exception" requiring "a 'strong showing of bad faith or improper behavior[.]'" *Dep't of Com.*, 588 U.S. at 781 (quoting *Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 401, 420 (1971)). While AIDEA suggests that *Sweet v. DeVos*, 495 F. Supp. 3d 835, 846 (N.D. Cal. 2020), supports an effort to seek discovery, *see* Pl.'s Br. 4 n.6, that case is plainly distinguishable and falls within a series of related rulings by the same district judge in companion cases that the Ninth Circuit found, in part, to be clear error. *See In re DeVos*, 540 F. Supp. 3d 912, 914 (N.D. Cal. 2021), *mandamus granted in part*, *In re U.S. Dep't of Educ.*, 25 F.4th 692, 702 (9th Cir. 2022). AIDEA has not provided a proper factual or legal basis for discovery in this case.

Finally, AIDEA seeks to defer entry of summary judgment on the pretext claim while ignoring applicable procedural requirements. *See* Fed. R. Civ. P. 56(d). The request should be denied on that basis alone. But even if AIDEA had attempted the necessary showing under Rule 56(d), it would fall short for reasons similar to those explained above – AIDEA's burden under Rule 56(d) requires that it "make a significant showing that it will find material in the agency's possession indicative of bad faith or an

*AIDEA v. U.S. Dep't of the Interior*  Case No. 3:24-cv-00051-SLG
DEFS.' RESP. IN OPP'N TO PL.'S MOT. FOR SUMM. J. ON COUNT II(B)  7

Case 3:24-cv-00051-SLG   Document 74   Filed 08/30/24   Page 7 of 11

incomplete record," and AIDEA has made no such showing here.  *Citizens for Appropriate Rural Roads v. Foxx*, 815 F.3d 1068, 1081-82 (7th Cir. 2016); *see also Bioscience Advisors, Inc. v. SEC*, No. 21-CV-00866-HSG, 2023 WL 163144, at *8 (N.D. Cal. Jan. 11, 2023).

The Court is not bound by statements in the Joint Motion or the view of any party (even all parties) on whether the case can be resolved through summary judgment.  But the Court should proceed to resolve the entire case on summary judgment because AIDEA has not provided any adequate basis for delaying resolution of the merits.

### III.  AIDEA's Pretext Claim Fails on the Merits

AIDEA relies almost entirely on *Department of Commerce*, "[t]he leading case on pretext claims."  Pl.'s Br. 3.  But DOI has already explained why *Department of Commerce* does not support AIDEA's pretext arguments.  Defs.' First Br. 32-35.  It allows inquiry into pretext only in exceptional circumstances, and prohibits it absent such circumstances.  *Id*. at 33.  Judicial review of agency action "is ordinarily limited to evaluating the agency's contemporaneous explanation in light of the existing administrative record."  *Dep't of Com.*, 588 U.S. at 780.  The mere possibility of other "unstated reasons" or the influence of "political considerations" does not provide a basis for "reject[ing] an agency's stated reasons for acting[.]"  *Id*. at 781.  To the contrary, the Supreme Court recognized that agency decisions "are routinely informed by unstated considerations of politics, the legislative process, public relations, interest group relations, foreign relations, and national security concerns (among others)."  *Id*.  Against that legal backdrop, the Court in *Department of Commerce* upheld the district court's

AIDEA v. U.S. Dep't of the InteriorCase No. 3:24-cv-00051-SLG
Defs.' Resp. in Opp'n to Pl.'s Mot. for Summ. J. on Count II(B)8

Case 3:24-cv-00051-SLG   Document 74   Filed 08/30/24   Page 8 of 11

inquiry into the views of the Secretary of Commerce, but only because evidence showed that the "sole stated reason" for the action taken "seem[ed] to have been contrived." *Id*. at 782-84. It was in "these unusual circumstances" that the Supreme Court allowed inquiry into pretext because it faced "an explanation for agency action that is incongruent with what the record reveals about the agency's priorities and decisionmaking process." *Id*. at 785.

Subsequent decisions make clear that *Department of Commerce* sets a high standard for advancing a pretext claim. *See* Defs.' First Br. 33-34. AIDEA simply ignores these cases and attempts to evade the "strong showing of bad faith or improper behavior" standard. Pl.'s Br. 12-13. But while case-specific application of the standard in different procedural contexts varies, there can be little dispute over the standard itself. *See Rao v. SEC*, No. 23-1072, 2023 WL 8432468, at *1 (D.C. Cir. Dec. 5, 2023); *Hays Med. Ctr. v. Azar*, 956 F.3d 1247, 1271 n.21 (10th Cir. 2020); *Ctr. for Biological Diversity v. Trump*, 453 F. Supp. 3d 11, 33-34 (D.D.C. 2020).

Finally, there is no merit to AIDEA's contention that DOI offered two separate and competing contemporaneous explanations, thus allowing AIDEA to bypass the stringent *Department of Commerce* standard. Pl.'s Br. 12-13. AIDEA argues that the "hurdles" of "showing bad faith or improper behavior" do not apply in this case because the lease cancellation decision, followed by the Secretary's statement made later in the same day, amount to "contemporaneous explanations" for cancellation of AIDEA's leases. *Id*. But this argument misreads the principle that "a court is ordinarily limited to evaluating the agency's contemporaneous explanation in light of the existing

AIDEA v. U.S. Dep't of the Interior　　　　　　　　　　　　　　　　　　　　Case No. 3:24-cv-00051-SLG
DEFS.' RESP. IN OPP'N TO PL.'S MOT. FOR SUMM. J. ON COUNT II(B)　　　　　　　　　　　9

Case 3:24-cv-00051-SLG　　Document 74　　Filed 08/30/24　　Page 9 of 11

administrative record." AIDEA artificially elevates the word "contemporaneous" while ignoring the focus on the "agency's" explanation based on the record. *Dep't of Com.*, 588 U.S. at 780. And AIDEA ignores that an official's "remarks to the press announcing the lease cancellation," Pl.'s Br. 13, typically reflect "political considerations" or progress on "an Administration's priorities" that cannot alone form a basis for "reject[ing] an agency's stated reasons for acting." *Dep't of Com.*, 588 U.S. at 781. The referenced press statement, in short, does not absolve AIDEA of making a "strong showing of bad faith or improper behavior." *Id.*

From AIDEA's failure to acknowledge the relevant legal standard flows the unsurprising conclusion that AIDEA does not meet it. AIDEA contends that opposition to oil and gas development in the Arctic Refuge purportedly expressed by government officials, in some instances before they even took office, provides a basis for overturning the lease cancellation decision. Taken at face value, AIDEA's proffer does not qualify as a strong showing of bad faith or improper behavior. And the gap between that standard and AIDEA's proffer is particularly wide where the stated reasons for the decision include complying with well recognized law.

## IV. Conclusion

For the foregoing reasons, the Court should deny Plaintiff's motion, grant Defendants' cross-motion, enter judgment for Defendants, and dismiss this case with prejudice.

Respectfully submitted this 30th of August 2024.

*AIDEA v. U.S. Dep't of the Interior*  Case No. 3:24-cv-00051-SLG
DEFS.' RESP. IN OPP'N TO PL.'S MOT. FOR SUMM. J. ON COUNT II(B)  10

Case 3:24-cv-00051-SLG   Document 74   Filed 08/30/24   Page 10 of 11

                TODD KIM
                Assistant Attorney General
                United States Department of Justice
                Environment and Natural Resources Division

                */s/ Paul A. Turcke*
                PAUL A. TURCKE
                Trial Attorney, Natural Resources Section
                1290 West Myrtle Street, Suite 500
                Boise, ID 83702
                202-532-5994 || 202-305-0275 (fax)
                paul.turcke@usdoj.gov

                *Counsel for Defendants*

Of Counsel:

MIKE GIERYIC
Attorney Advisor
Office of the Regional Solicitor, Alaska Region
U.S. Department of the Interior
4230 University Drive, Suite 300
Anchorage, AK 99508
907-271-1420
mike.gieryic@sol.doi.gov

# CERTIFICATE OF SERVICE

    I hereby certify that on August 30, 2024, a copy of the foregoing was served by electronic means on all counsel of record by the Court's CM/ECF system.

                */s/ Paul A. Turcke*
                Paul A. Turcke

*AIDEA v. U.S. Dep't of the Interior*           Case No. 3:24-cv-00051-SLG
DEFS.' RESP. IN OPP'N TO PL.'S MOT. FOR SUMM. J. ON COUNT II(B)     11

Case 3:24-cv-00051-SLG   Document 74   Filed 08/30/24   Page 11 of 11