IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ALASKA INDUSTRIAL DEVELOPMENT AND EXPORT AUTHORITY,<br><br>        Plaintiff,<br>  v.<br><br>U.S. DEPARTMENT OF THE INTERIOR, *et al.*,<br><br>        Defendants,<br><br>  and<br><br>GWICH'IN STEERING COMMITTEE, *et al.*,<br><br>        Intervenor-Defendants. | Case No. 3:24-cv-00051-SLG |

### ORDER ON MOTION FOR CLARIFICATION AND RECONSIDERATION

Before the Court at Docket 98 is Intervenor-Defendants'[1] Motion for Clarification and Reconsideration. At the Court's request,[2] Plaintiff Alaska Industrial Development & Export Authority ("AIDEA") responded at Docket 100,

---

[1] Intervenor-Defendants "Gwich'in Steering Committee" are collectively Alaska Wilderness League, Alaska Wildlife Alliance, Canadian Parks & Wilderness Society-Yukon, Defenders of Wildlife, Friends of Alaska National Wildlife Refuges, National Wildlife Federation, National Wildlife Refuge Association, Northern Alaska Environmental Center, Sierra Club, The Wilderness Society, and Wilderness Watch. Intervenor-Defendants "the Tribes" are Native Village of Venetie Tribal Government, Arctic Village Council, and Venetie Village Council.

[2] Docket 99.

and Federal Defendants[3] responded in non-opposition at Docket 102.

Intervenor-Defendants ask the Court to clarify its Decision and Order at Docket 95. There, the Court concluded "that DOI was required to obtain a court order before cancelling AIDEA's leases. Because this conclusion is independently sufficient to decide this case, the Court does not address the other arguments that AIDEA has raised."[4] Intervenor-Defendants seek clarification that the Court's statement in its conclusion in which it referred to the full name of AIDEA's motion and stated that "AIDEA's Opening Brief on Counts I, II(A), IV, and V at Docket 50 is GRANTED" does not grant "summary judgment in Plaintiffs' favor on claims that the Court did not intend to rule on."[5] While AIDEA deems the Court's previous order to be sufficiently clear, it "takes no position and considers this request to be within the Court's discretion."[6] In its non-opposition, AIDEA points to an "apparent typographical error in the Court's Decision and Order, an inadvertent omission of Count III when reciting the title of Plaintiff's opening brief."[7] The Court agrees that this was an inadvertent omission and includes a reference to Count III below.

IT IS ORDERED that the Motion for Clarification and Reconsideration at

---

[3] "Federal Defendants" are collectively the U.S. Department of Interior; Doug Burgum, in his official capacity as the Secretary of the Department of Interior; and the Bureau of Land Management.

[4] Docket 95 at 11.

[5] Docket 97 at 2-3 (quoting Docket 95 at 21).

[6] Docket 100 at 2.

[7] Docket 100 at 2 (citing Docket 95 at 21).

Case No. 3:24-cv-00051-SLG, *AIDEA v. U.S. Dep't of the Interior, et al.*
Order on Motion for Clarification and Reconsideration
Page 2 of 3
Case 3:24-cv-00051-SLG    Document 103    Filed 04/11/25    Page 2 of 3

Docket 98 is **GRANTED**. The Court clarifies that its Decision and Order at Docket 95 only granted summary judgment for Plaintiff on Count IV. The Court did not grant summary judgment for Plaintiff on Counts I, II(A), III, or V, which it did not reach on the merits.

DATED this 11th day of April, 2025, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

Case No. 3:24-cv-00051-SLG, *AIDEA v. U.S. Dep't of the Interior, et al.*
Order on Motion for Clarification and Reconsideration
Page 3 of 3
Case 3:24-cv-00051-SLG   Document 103   Filed 04/11/25   Page 3 of 3